May it please the Court, my name is Roya Lydian, certified law student under the supervision of Carter White, and I represent the appellant, Mr. Javiad Akhtar. May I reserve two minutes for rebuttal? Sure. Keep watch on your time, though. Thank you. This Court should reverse the trial court's judgment dismissing Mr. Akhtar's amended complaint for failure to state a claim and failing to exhaust for three reasons. First, Mr. Akhtar's failure to oppose the motion to dismiss does not serve as a waiver because Mr. Akhtar did not receive proper notice of what was required to oppose the motion. Second, Mr. – Well, even if he did, the district court actually reached the issue that you're trying to raise, it appears to me. So let me ask you the following question that I've been puzzling over a little bit. It appears to me that the complaint's attachments, the original complaint's attachments, demonstrated exhaustion of the grievance process, at least with respect to the medical complaint. And I'm looking at page 157 and following for the director's level appeal decision. If we agree with that, that it was in fact exhausted, what should we do with this case procedurally? What are you asking for as a remedy? Your Honor, because Mr. Akhtar did exhaust his administrative remedies before filing the original complaint, and because he did state a cognizable Eighth Amendment claim for relief in his amended complaint, we would ask that this Court reverse and remand for further proceedings. On the original complaint, on the amended complaint, or with leave to amend further, what are you actually seeking? Your Honor, the amended complaint does state a cognizable Eighth Amendment claim for relief. In McGuckin v. Smith, this Court held that the test for deliberate indifference consists of two parts, first, that the plaintiff have a serious medical need or serious risk of harm, and second, that the defendants act with deliberate indifference to this need. In regards to the first prong, Mr. Akhtar stated in his amended complaint that he suffers from chronic kidney disease, that he has a traumatic head injury, increased blood pressure and spinal disc hernia. He stated that he needs immediate access to toilet facilities due to his chronic kidney disease. In regards to the second prong, in Wakefield v. Thomas, this Court held that the court the defendants act with deliberate indifference when they ignore the instructions of a treating physician or surgeon. In Wakefield, a DOE correctional officer ignored the instruction, the prescription medication of an inmate. To go back to Judge Graber's questions, are you asking us to reach the Eighth Amendment issue on the complaint, or are you asking us simply to remand for the court to do to, for the district court to, to go forward? Are you asking us to reach the merits of the Eighth Amendment issue sufficiently to say that the complaint states a cause of action? We would, we would ask, it is our position that Mr. Akhtar states a cognizable claim, but in the very least, we would ask the court to reverse the remand with, for dismissal without prejudice so that Akhtar could refile his, Mr. Akhtar could refile his complaint. Is there a limitations period problem if he did? No, Your Honor, since I don't believe so. In regard to his Eighth Amendment claim. Let me just ask you one more question about the procedural posture of it. I don't recall seeing a request to amend further, and he was, of course, pro se. Would it, would there be any, in the absence of such a request, what would be the limitations on a remand from us? Could we tell the district court to give him the opportunity to amend when he hasn't asked for it yet? Yes, Your Honor, you could. And this Court has held that even if a plaintiff does not request leave to amend, that the district court should grant leave to amend unless it's clear that the complaint cannot be cured by the allegations or different facts. That was Silva v. De Vittorio. And in this case, it is clear that if Akhtar, Mr. Akhtar has not already stated a cognizable claim, which we believe he has, that he very well could in an amended complaint with additional facts. In this case, Mr. Akhtar did state a cognizable claim in his Eighth Amendment claim in his amended complaint. He stated that he informed and showed both defendants that he had a medical chrono stating he needed to stay in a ground floor cell. And the defendants did nothing to accommodate his housing condition. They chose not to check his medical file. They told him to — that he would need to move to an emergency bed, where he subsequently suffered injuries. He alleges in his complaint that his blood pressure was increased as a result of being moved to the E-beds, which exacerbated his medical condition, his chronic kidney disease. He also suffered a broken wrist. He had several accidents of urinating his clothing, all of which could have been remedied if Mr. Akhtar was simply allowed to remain in his cell. And so it is our position that Mr. Akhtar did state a cognizable Eighth Amendment claim for relief in his amended complaint. Sotomayor, did you want to save some rebuttal time? Yes. Thank you. Thank you. Good morning. Good morning. My name is Misha Agra, and I'm from the Attorney General's Office, and I represent Sergeant Turner and Officer Mesa. Now, the appellees have already answered the opening brief raising arguments regarding waiver, exhaustion of remedies, and insufficiency. We, however, have not been able to address arguments raised for the first time in reply, and given my limited time here today, I'd like to address those as well as answer any questions that you may have. In the opening brief, as well as in the objections, opposition to findings and recommendations, as well as the motion to alter or amend the judgment and in the reply, plaintiff asserted that defendants that he had attached to the original complaint document showing that he had exhausted administrative remedies. Here's in the record at pages 14, 28, and 44 of the excerpts, as well as in the opening brief at 13. In the reply, for the first time, defendant argued, plaintiff argues, that rather a group appeal submitted to the third level of review on December 29, 2008. Kagan. Well, what's wrong with the first argument? Yes. What's wrong with the first argument? Why do we have to get to the second one? Because, Your Honor, if you examine the documents attached to the first amended complaint, which, by the way, were not before the Court when they were examining the the documents attached to the original complaint were not properly before the Court to look at those. Let me just be clear on what I'm looking at. I'm looking at page 151 of volume 2 of the excerpts of record, which is the director's level appeal decision addressed to Mr. Akhtar. 151, Your Honor? 157, excuse me. My numbers are. And this is the attachment to the original complaint. Okay. That's what I was going to ask you. It appears from what I have that this was attached to the original complaint. Yes. Okay. And so does this satisfy exhaustion as to the claim that's discussed in the director's level appeal decision? No, Your Honor. Why? Okay. At least two reasons, Your Honor. First of all, these documents were not part of the first amended complaint that the Court dismissed. Now, I understand that under the Court's recent decision in Lacey, plaintiff could have brought up claims that had been dismissed earlier. But the notice of appeal in this case makes clear that it's only from the dismissal of the first amended complaint. It doesn't revive any claims that were raised in the original complaint. So I don't believe that that's properly before this Court. But substantively, Your Honor, this appeal grieves the finding in a rule violation report, which occurred during the time of the allegations. However, it could not grieve what my clients did, because their conduct preceded that rule violation report. Now, instead, now, we concede that he did exhaust administrative remedies, but he didn't have to. The grievance doesn't have to name particular people, right? It's a grievance to the prison in general. Quite correct, Your Honor. And it doesn't need to use magic words. It basically has to bring the problem to the attention of the prison. Absolutely. And why didn't that just do that? So if you look on page 159, Your Honor, which is the actual grievance that he submitted that is exhausted at page 157, he says, I am appealing CDC 115 log number, et cetera, issued on this date. So he expressly said that what he was complaining about was being issued a rule violation. But the reason is because he was moved to an environment where I fear harm. I was given – this is actually reading from the appeal, but still – I was given punishment for protecting myself from my rights. And then he goes on in the next appeal and goes on at some length about – the two are of a piece, in other words. I mean, his complaint is I shouldn't have been disciplined because I had a right to what I was asking for. Yes, Your Honor. I should not have been disciplined, which claim was – Well, but no, he says much more than that. On page 160, he says that numerous CDC 7410 chronos signed by professionals declaring expertise are presented. This is my defense. And then I'll skip some words. I was under doctor's orders. And then he says, skipping some more words, I've been subjected to cruel and unusual punishment and deliberate indifference to doctor's orders concerning my care, Eighth Amendment violation. So it seems pretty clear that he is stating that. Your Honor, I'll point out that you're reading from Section 8. His response to the director's level review, but – No, his – no, his – this is him requesting a director's level review. Okay. This is following the second level of review. And under Woodford v. No, this would have had to have been brought up in the initial. You can't change claims as you go through the file. But he didn't change it. He says, Judge Bersan was reading, that he's talking about, if you look at Part A, which is the part you want us to look at, I was told I was to move to an e-bunk. This was confusing because I was understanding I would be housed in a cell permanently. When I tried to explain to Mesa, he became indifferent and refused to listen. And then he says he was being put in a position of peril and he was exercising his Eighth Amendment rights. And he goes on to say, my copies of records, medical, were in property, et cetera. So it's clear that that's what he's referencing all the way through. At least it seems so to me. Yes. And you must exhaust the claims that show up eventually in the complaint. And on page 116 of the complaint, he says that he's complaining that he was informed by one of my clients that he was being moved to an e-bunk in the day room of the building. He should only be housed in a cell because he has medical problems. And the issue of, I should only be housed in an e-bunk, I should not have an e-bunk, and I should only be housed in a cell, appears in his claim, IAB case number 0906474, found on page 99 of the record. Well, it appears, let me just say, I'm obviously speaking only for myself. It appears to me that he did exhaust some piece of his claim, not the whole thing, but some piece of his claim. And if we were to disagree with you and conclude that, what's your view of the appropriate disposition procedurally? Okay. Two points, Your Honor. First, if he did exhaust some portion of his claim, it was the portion related to the RBR that the Court screened out in its screening order. And second, Your Honor, even had he exhausted back when, he didn't assert it in opposition to the motion to dismiss, asserted it for the first time in objections to magistrate judges' findings and recommendations. Is your ultimate position that because he didn't find anything in opposition to the motion to dismiss, he loses, period, the end? The last part? Is your basic position that because he did not, before the magistrate judge, oppose the motion to dismiss, he loses, period? Is that basically your position? Well, Your Honor, we have argued that he has waived or forfeited that argument because he didn't place it before the magistrate judge, but even after he placed it before the magistrate judge and requested that the Court reconsider the judgment and alter or amend it, the Court directly addressed it and pointed out that he did not state a claim against Mesa and Turner, specifically Mesa and Turner. We can concede that he stated a claim against someone, but Mesa and Turner, the allegations regarding them are very limited, maybe three or four facts, that Mesa told him he was going to be moved to an e-bunk, and he said, I'd rather go to ADSEG. Mesa reported that to his sergeant. After that case he said why he would rather go to ADSEG. He did say why he didn't want to go. He's got an officer in front of him saying, you've got to go. He says, I don't want to go. I'd rather go to ADSEG. My client goes to his supervisor, who's also my client, according to the amended complaint, and then an unserved defendant issued a rule violation report, an unserved defendant put him in administrative segregation, and only after he was released from administrative segregation, an institutional classification committee on which there's no allegation that my client's participated in that committee, he was placed in an e-bunk where he broke his wrist. Now, there is no causal connection between my clients and the alleged violation. Under Lear v. Murphy, he needs to specifically address that. It wasn't done. Sotomayor, why shouldn't he be given, as a pro se who has struggled with language, among other things, why shouldn't he be given an opportunity to replead, to fill in those missing pieces? Well, in Allen v. Beverly Hills. Maybe he can't, in which case summary judgment would be appropriate. Yes, Your Honor. In Allen v. Beverly Hills, this Court has said that where an inmate has been given an opportunity to amend and then doesn't fix the defects in the complaint, the Court does not abuse its discretion when it decides not to give them yet a third chance. I see that I'm out of time. Thank you, counsel. Thank you. You have some rebuttal time remaining. Your Honor, just a few brief points on rebuttal. First, in regards to exhaustion, Act Art 2 grievances, which were exhausted in May, while they did relate to his rule violation reports, also related to the fact that his medical needs were not being met in his current housing situation and were enough to put prison officials on notice under the current process at the time. As this Court stated in Griffin v. Arcaio, it's not necessary that the grievances include legal terminology or legal theories. In regards to the Eighth Amendment claim and the causation element, this Court has stated that the requisite causal connection can be established by setting in motion a series of acts by others which the actor knows or reasonably should know would cause the constitutional injury. Here, Defendants Messa and Turner set in motion a chain of events upon which Mr. Actar was moved from a day room cell to the E-bed where he suffered injuries. And it is not necessary that they were the ones that physically moved him to the E-bed. It is sufficient that they set the events in motion. For these reasons, we are at – furthermore, in our 20-A-J letter, this Court recently held in Woods v. Carey that a pro se plaintiff must be given notice of what's required to oppose a motion at the time the motion to dismiss is filed. Mr. Actar did not receive notice of what was required to oppose the motion to dismiss at the time the motion was filed. The only notice he received was two months before the motion was ever filed, and it did not provide information on how to oppose a motion to dismiss for failure to state a claim. It only provided notice on how to oppose a motion for summary judgment and how to oppose a motion to dismiss for failure to exhaust administrative remedies. And for these reasons, in the very least, we ask the Court to reverse and remand for a proper notice under Rand and Wyatt. Thank you. Thank you. The case just argued is submitted. We appreciate the arguments of both counsel and the willingness of your program to take this case on a pro bono basis. It's very helpful to the Court.
judges: Alarcon, Graber, Berzon